**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ivelice Martinez-Castro,<br><br>Plaintiff<br>v.<br><br>Home Depot U.S.A., Inc., et al.,<br><br>Defendants | Case No.: 2:26-cv-02543-JAD-NJK<br><br>**Order Remanding Case for Lack of Subject Matter Jurisdiction**<br><br>[ECF No. 7] |

Ivelice Martinez-Castro brought this personal-injury action against Home Depot U.S.A., Inc. in state court, and Home Depot removed it to this federal court.[1] In mid-August, U.S. Magistrate Judge Nancy J. Koppe ordered Home Depot to show cause why this cause should not be remanded to state court, pointing out deficiencies in its removal papers.[2] Home Depot and Martinez-Castro responded to that order. Because I conclude that Home Depot has not shown that removal was proper, I remand this case back to state court.

**Background**

This is a personal-injury lawsuit arising from an incident at a local Home Depot store on South Lamb Boulevard.[3] Martinez-Castro alleges that, on July 12, 2024, she was shopping in the paint and plumbing aisles when an unnamed employee chased a shoplifter "in an unreasonably dangerous manner," causing the shoplifter to run into her and cause injuries.[4] She sued the

---

[1] *See* ECF No. 1.

[2] ECF No. 7.

[3] ECF No. 8-2 at 8, ¶ 2. (Martinez-Castro's state-court complaint).

[4] *Id.* at 9, ¶ 7.

unnamed Doe employee and various Home Depot corporate entities in state court for negligence.[5]

Home Depot U.S.A. removed on diversity grounds, representing that Martinez-Castro is a Nevada resident and Home Depot U.S.A. is a citizen of Delaware and Georgia.[6] The removal papers do not address the citizenship of the unnamed employee. Home Depot also contends that the amount in controversy is met because Martinez-Castro sent a settlement demand that exceeded $75,000.[7] In mid-August, Magistrate Judge Koppe issued an order directing Home Depot to show cause why this case shouldn't be remanded, pointing out that the employee's citizenship and facts supporting the amount-in-controversy requirement are needed to properly show that removal is proper.[8] In Home Depot's response to the order to show cause, it contends that it need not identify its employee's citizenship in order to remove this case and that its attorney's declaration confirming a settlement demand for more than $75,000 is sufficient to meet its removal burden.[9]

**Discussion**

Removal based on diversity jurisdiction requires that the opposing parties be citizens of different states and the amount in controversy exceeds $75,000.[10] If a plaintiff's state-court complaint "does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy

---

[5] *See generally id.*

[6] ECF No. 1 at 2–3.

[7] *Id.* at 4.

[8] ECF No. 7.

[9] ECF No. 11.

[10] 28 U.S.C. §§ 1332, 1441, 1446.

exceeds" $75,000.[11] Courts may consider "facts presented in the removal petition as well as any summary-judgment-type" evidence relevant to the amount in controversy at the time of removal."[12] There is a strong presumption against removal jurisdiction—it "must be rejected if there is any doubt as to the right of removal in the first instance."[13]

**A. Home Depot has not established the amount in controversy.**

In its attempt to satisfy the amount-in-controversy requirement, Home Depot relies solely on its counsel's declaration that, "[p]rior to service of the complaint, Home Depot received a written settlement offer exceeding $75,000."[14] Though a settlement demand may be evidence of the amount in controversy, it is not determinative.[15] A settlement demand can be probative of the amount in controversy only "if it appears to reflect a reasonable estimate of the plaintiff's claim."[16]

Home Depot's attorney's declaration does not provide sufficient information from which I can find that Martinez-Castro's settlement demand reflects a reasonable estimate of her claim.[17] Home Depot did not file the demand letter, despite being ordered to do so by the magistrate

---

[11] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

[12] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (cleaned up).

[13] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[14] ECF No. 8-2 at 2, ¶ 4.

[15] *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)).

[16] *Id.*

[17] Home Depot supplies more facts about the settlement demand in its brief, but statements by attorneys in briefs are not evidence. *Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 2015). Even if I were to consider those facts, Home Depot has still not explained how the demand reflects a reasonable estimate of Martinez-Castro's injuries.

judge.[18] Nor has it shown that $75,000 is a reasonable estimate of Martinez-Castro's damages. So I find that Home Depot has not carried its burden to show that this case satisfies the amount-in-controversy requirement for diversity jurisdiction. This conclusion independently compels remand of this case back to state court.

**B. Home Depot has also not established diversity of citizenship.**

The governing removal statute provides that courts should disregard "the citizenship of defendants sued under fictitious names" when determining whether a case was properly removed on diversity grounds. 28 U.S.C. § 1441(b)(1). Nonetheless, judges in this district regularly distinguish between truly fictitious Doe defendants "and 'real' Doe defendants whose identities are ascertainable."[19] "Courts more readily consider the Doe defendant's citizenship when, as here, the unidentified defendant is an employee of the named defendant and the named defendant is better suited than the plaintiff to know the Doe defendant's true identity after reviewing the facts alleged in the complaint."[20] "When a plaintiff identifies a Doe defendant with sufficient detail to strongly suggest that they are in fact a 'real' defendant possessing diversity-destroying citizenship—and the identity of a diversity-destroying defendant is in the exclusive possession and control of a named defendant—principles of fairness and judicial efficiency counsel against

---

[18] *See* ECF No. 7 at 2 & n.2 (citing *Vasco v. Allstate Fire & Cas. Ins. Co.*, 2018 WL 2459163, at *2 (D. Nev. June 1, 2018)).

[19] *Aliquo v. Hertz Corp.*, 2026 WL 252547, at *1 (D. Nev. Jan. 29, 2026) (quoting *Dickson v. Walmart, Inc.*, No., 2023 WL 8827689, at *2 (D. Nev. Dec. 21, 2023)); *see also, e.g.*, *Vece v. Estate of Plautz by and through Peterson*, 2025 WL 339340, at *2 (D. Nev. Jan. 29, 2025); *Darnell v. Starbucks Corp.*, 2023 WL 2655914, at *4–5 (D. Nev. Mar. 10, 2023), *adopted*, 2023 WL 2650358 (D. Nev. Mar. 27, 2023); *Velarde v. Smith's Food & Drug Cntrs., Inc.*, 2018 WL 6191398, at *2 (D. Nev. Nov. 27, 2018).

[20] *Aliquo*, 2026 WL 252547, at *1.

allowing a named defendant to litigate in federal court pending discovery."[21] When a "real" Doe defendant is at issue, the inquiry then becomes whether the plaintiff's "description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action."[22]

Martinez-Castro identifies the Doe defendant as a Home Depot employee who was chasing down a shoplifter at a specific store on a specific date. That is plenty of information from which Home Depot might identify the employee and his citizenship. It's also presumably true that the Doe employee is a Nevada citizen since he works at a local Nevada store. I thus find that there is sufficient detail to conclude that complete diversity is lacking here.[23]

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Department No. 23, Case No. A-26-950990-C**, and CLOSE THIS CASE. This case returns to state court with no motions pending.

U.S. District Judge Jennifer A. Dorsey
November 20, 2026

---

[21] *Dickson*, 2023 WL 8827689, at *3. I am unpersuaded by Home Depot's contention that these cases were wrongly decided because they are inconsistent with § 1441's direction to disregard fictitious defendants. As this caselaw explains, the distinction here is whether the Doe defendant is truly a fictitious party included in the caption to avoid procedural state-law issues or an identifiable person that the plaintiff simply does not know the name of yet. I find that this distinction does not run afoul of § 1441.

[22] *Dickson*, 2023 WL 8827689, at *2.

[23] Home Depot raises a host of additional arguments with little development. These additional arguments are not persuasive. For example, Home Depot argues that complete diversity exists because Home Depot can itself satisfy any judgment. *See* Docket No. 11 at 4; *but see, e.g.*, *Dickson*, 2023 WL 8827689, at *4 n.4 (rejecting same argument).